GOLDIE PHILLIPPI *v.* FARMERS MUTUAL TELEPHONE COMPANY OF WEST VIRGINIA

(No.7939)

Submitted September 11, 1934. Decided November 13, 1934.

*Martin Brown,* for plaintiff in error.
*Lloyd Arnold* and *Evans & Evans,* for defendant in error.

LITZ, JUDGE:

Defendant, Farmers Mutual Telephone Company of West Virginia (a joint stock company), is aggrieved by a judgment of the circuit court of Marshall County for $500.00 against it in favor of plaintiff, Goldie Phillippi, for personal injuries sustained by her in an automobile wreck.

The accident occurred in Marshall County about dusk, August 5, 1930, while plaintiff, her husband, two sons, daughter (Louise) and a niece were riding in a model T Ford automobile owned and operated by her brother-in-law, Garfield Grim. Plaintiff charges that the car was proceeding at a moderate rate of speed on the public road when, without warning, a decayed telephone pole, maintained by defendant on the unimproved portion of the highway, fell and struck the automobile causing it to leave the road and resulting in personal injury to the occupants. Defendant contends that the car was negligently driven from the traveled way against the pole while it was standing.

A judgment upon a directed verdict for the plaintiff in an action by the daughter, Louise, against the telephone company for the injury sustained by her, was reversed on writ of error to this Court on the ground that the respective contentions, as to the cause of the accident, presented an issue of fact for jury determination. 113 W. Va. 470, 168 S. E. 762. The evidence has not been sufficiently changed in this case to warrant a different ruling.

Counsel for defendant asserts that the evidence is insufficient either to prove that the pole fell solely because of its defective condition, or to fix liability upon defendant for negligent maintenance thereof.

As already stated, the evidence has not been sufficiently changed from that presented in the Louise Phillippi case to justify this Court in adopting the theory of the accident advanced by defendant. The occupants testified that the car was moving over the traveled portion of the road at the time it came in contact with the pole, and, as indi-

cated in the opinion of the former action, the alleged physical facts relied on by defendant are not controlling.

We cannot accept the view that the proof acquits defendant of responsibility for negligent maintenance of the pole. The evidence of the company shows that the pole was a component part of a mutual telephone system used commercially by it.

Defendant complains of instruction No. 1, granted at the instance of plaintiff, which not only ignores the defense of contributory negligence, but tells the jury that the duty of the defendant to maintain the pole in a safe and sound condition was absolute. This instruction is erroneous. Telegraph and telephone companies are required to use only such care as is reasonable, under the circumstances, in the construction and maintenance of their lines. *Wells* v. *Cumberland Telegraph & Telephone Co.*, 198 S. W. 721; 26 R. C. L. 528, sec. 39; 62 C. J. sec. 64; Jones, Telegraph and Telephone Companies, sec. 193. We find no other ground of error.

The judgment, complained of, is reversed, the verdict set aside and a new trial awarded.

*Reversed and remanded.*